SCOTT R. SHEPHERD (IL Bar No. 6190949)
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 E. State Street
Media, PA 19063
Telephone: 610-891-9880
Facsimile: 610-891-9883
Email: sshepherd@sfmslaw.com

**Counsel for Plaintiff**

**Additional Counsel Appear on Signature Page**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **TODD HERST, individually and on behalf of all others similarly situated,** ) ) ) ) | **Case No. _____** |
| **Plaintiff,** ) ) | **CLASS ACTION COMPLAINT** |
| **v.** ) ) | |
| **AT&T, INC. and AT&T MOBILITY, LLC,** ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** ) | |

## CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Todd Herst ("Herst" or "Plaintiff), by and through his attorneys, brings

this action on behalf of himself and all others similarly situated against Defendants,

AT&T, Inc. and AT&T Mobility, LLC (collectively "AT&T" or "Defendants"). This

Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(d)(2). Plaintiff alleges,

on information and belief, except for information based on personal knowledge, as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and Plaintiff and members of the class (defined below) are citizens of a state different from Defendants.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendants:

        (a)      are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district through the promotion, marketing, distribution and sale of their wireless data plans in this district;

        (b)      do substantial business in this district; and

        (c)      are subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

3.      This class action seeks redress to Illinois consumers for the fraudulent, deceptive and otherwise unfair imposition of state and local taxes on data plans allowing remote internet access in violation of federal and Illinois law.

## PARTIES

4.      Plaintiff, Todd Herst, is a resident and citizen of Lake County Illinois, residing in Lincolnshire, Illinois.  Herst is an individual consumer who is a customer of Defendants and has purchased and paid for a wireless data plan that provides access to the internet via a radio device.

5.      Defendant, AT&T, Inc., is a Delaware corporation authorized to do business in Illinois. AT&T, Inc. maintains its principal place of business at 208 S. Akard Street, Dallas, Texas, but may be served in Illinois through its registered agent at CT Corporation, 208 LaSalle St., # 814, Chicago, Illinois 60604.

6.      Defendant, AT&T Mobility, LLC, is a Delaware corporation authorized to do business in Illinois. AT&T Mobility, LLC maintains its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, Georgia 30342, but may be served in Illinois through its registered agent at CT Corporation, 208 LaSalle St., # 814, Chicago, Illinois 60604.

## FACTUAL ALLEGATIONS

7.      AT&T sells wireless data plans to consumers by contract which is billed monthly. Consumers who purchase the wireless data plan can obtain remote access to the internet either on a computer or through a device known as a "smart phone" such as an I-Phone, Blackberry or a similar device that can provide internet access.

8.      When the remote internet access is by a computer, AT&T charges a monthly fee for the use of a datacard. The datacard enables users to remotely access the internet wirelessly through a radio device embedded in the computer or through an external device connected through a PCMCIA card or USB port.

9.      When the remote internet access is by a smart phone, Defendants bill for the data plan, allowing internet access as a separate line item on the AT&T monthly bill. The data plans usually cost approximately $30 per month. Plaintiff pays $30 a month for each of his three devices for internet access.

10.     Defendants also offer plans which allow owners of certain smart phones access to the internet for $45 per month.  These plans allow users to access dedicated email servers through the internet.

11.     The Internet Tax Fairness Act, 47 U.S.C. § 151 (1998) ("ITFA"), as amended, prohibits state and local governments from imposing taxes on internet access. Specifically, the ITFA provides that  "[no State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014:…(1) Taxes on Internet access."

12.     The ITFA defines "internet access" to mean: "a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold—(i) to provide such service; or (ii) to otherwise enable users to access content, information or other services offered over the Internet[.]"

13.     Section 35 ILCS 630/3 imposes a sales tax on "telecommunications service" in the State of Illinois, providing, in part:

> Beginning January 1, 1998, a tax is imposed upon the act or privilege of originating in this State or receiving in this State intrastate telecommunications by a person in this State at the rate of 7% of the gross charge for such telecommunications purchased at retail by such person. **However, such tax is not imposed on the act or privilege to the extent such act or privilege may not, under the Constitution and statutes of the United States, be made the subject of taxation by the State.**

§ 35 ILCS 630/3 (emphasis added).

14.     Defendants list the charges for internet access as a separate charge on their bills to their customers.

15.     Despite the fact that federal and Illinois law prohibit taxation on internet access, AT&T improperly has and continues to illegally charge Illinois customers state and local sales tax on internet access on its monthly bills.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this lawsuit on behalf of himself and the proposed class members under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.  The proposed class (the "Class") consists of:

> All Illinois consumers who entered into a contract with AT&T for the provision of internet access through a smart phone or a wireless data card who were charged tax on internet access.

Excluded from the Class are Defendants, their officers, directors and employees, and the Judge to whom this case is assigned.  Plaintiff reserves the right to modify the Class definition.

17.     Plaintiff reasonably believes that there are tens of thousands of Class members.  As such, the Class is so numerous that joinder of all members is impracticable.

18.     There are a multitude of questions of law and fact common to the Class which predominate over any individual questions.  These common questions include:

(a)     whether AT&T charged Plaintiff and the Class sales tax on internet access in violation of the Internet Tax Freedom Act, 47 U.S.C. § 151 (1998) and Illinois Telecommunications Excise Tax Act, Section 35 ILCS 630/3;

(b)     whether AT&T's improper charging of sales tax constituted a breach of the covenant of good faith and fair dealing to Plaintiff and the Class under Illinois law;

(c)      whether AT&T's improper charging of sales tax violated Illinois' Consumer Fraud Act, 815 ILCS 505/1 *et seq.*;

(d)      whether AT&T has been unjustly enriched by its retention of a portion of the sales tax as permitted by Illinois law;

(e)      whether AT&T should be enjoined from collecting sales tax on internet access;

(f)      whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(g)      whether AT&T should be required to seek a refund of sales taxes paid to Illinois tax authorities and to return any tax refund to Plaintiff and members of the Class.

19.      Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

20.      A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of

individual Class members prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  In addition, Defendants have acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

21.     Unless a class is certified, Defendants will retain monies received as a result of their conduct that was taken from Plaintiff and proposed Class members.  Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

22.     Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I
### (Breach of Contract)

23.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

24.     AT&T and Plaintiff entered into a written contract.

25.     The written contract entered into by Plaintiff and AT&T is a form contract which was, likewise, entered into by AT&T and all other members of the Class.

26.     The contract between AT&T and Plaintiff provides that AT&T can charge for its services, including internet access on a monthly basis.  The contract further permits AT&T to charge Plaintiff and all of its customers all applicable and legally due federal, state, and local taxes.

27.     The form contract does not, however, permit AT&T to charge for taxes which are not due under law, including taxes for internet access.

28.     Plaintiff and members of the Class performed and otherwise satisfied their obligations under the pertinent contracts.

29.     Despite the ITFA's express prohibition on state and local taxes for internet access, AT&T charged Plaintiff and Class members sales tax for internet access.

30.     By imposing these charges on Plaintiff and members of the Class for internet access, AT&T breached its contract with Plaintiff and the Class.

31.     As a result of the breach of contract, Plaintiff and the Class were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged and collected from Plaintiff and the Class.

32.     The statute of limitations for breach of contract under Illinois law is ten years. 735 ILCS § 5/13-206.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

33.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

34.    AT&T's breaches of its form contracts with the Plaintiff and the Class, as alleged above, constitute a breach of AT&T's covenant of good faith and fair dealing to the Plaintiff and the Class, which is imputed into every contract in Illinois under the common law of Illinois and the Restatement (Second) of Contracts § 205.

35.    AT&T breached its duty of good faith and fair dealing to Plaintiff and the Class by improperly charging Plaintiff and the Class state and local taxes for internet access.

36.    AT&T's conduct was intended to and did, in fact, evade the spirit of the contracts it entered into with Plaintiff and the Class.

37.    The breaches of contract and covenant of good faith and fair dealing discussed above caused Plaintiff and the Class economic damages.

### COUNT III
### (Damages Under the Illinois Consumer Fraud Act)

38.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

39.    The Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.*, was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

40.    Section 815 ILCS 505/2 prohibits unfair methods of competition and unfair or deceptive practices, including but not limited to, the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that other rely upon the concealment, suppression or omission of such material fact,…whether any person has in fact been mislead, deceived or damaged thereby.

41.     Pursuant to 815 ILCS § 505/1(b), the term "merchandise" includes any sale of services enabling internet access.

42.     The acts and practices engaged in by AT&T, as set forth herein, constitute unfair, deceptive and/or fraudulent business practices in violation of 815 ILCS 505/1, *et seq.*

43.     In failing to inform Plaintiff and the Class that it intended to charge them taxes that were not due and in imposing and collecting taxes that were not due, AT&T employed deception, fraud, false pretense, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Class of a material fact in connection with the sale of merchandise in violation of  815 ILCS 505/2.

44.     AT&T intended that Plaintiff rely on the aforesaid deceptive acts and practices.

45.     The aforesaid deceptive acts and practices occurred in the course and conduct involving trade or commerce.

46.     The violations of the Illinois Consumer Fraud Act discussed above have directly and proximately caused Plaintiff and the Class to suffer substantial and ascertainable loss of money and/or property and other damages.

47.     AT&T's conduct as aforesaid was wanton, willful, outrageous and in reckless indifference to the rights of Plaintiff and others similarly situated, and therefore, warrants the imposition of punitive damages.

48.     Plaintiff has been forced to hire attorneys to enforce his rights under the Illinois Consumer Fraud Act.

## COUNT IV
### (Injunctive Relief Under Illinois Consumer Fraud Act)

49.     Plaintiff hereby incorporates and adopts by reference each and every

allegation set forth in the preceding paragraphs of this Complaint.

50.     AT&T continues to charge Plaintiff and other member of the Class state

and local sales tax on the sale of internet access.

51.     The imposition and collection of state and local sales tax on the sale of

internet access is a clear violation of 815 ILCS § 505/1 *et seq.*, as pleaded in Count III.

52.     815 ILCS § 505/10a permits the Court to enter injunctive relief to stop

AT&T's violations of the law by continuing to charge state and local sales taxes on the

sales of internet access.

## COUNT V
### (Unjust Enrichment)

53.     Plaintiff hereby incorporates and adopts by reference each and every

allegation set forth in the preceding paragraphs of this Complaint.

54.     Plaintiff asserts this count in the alternative to his contract-based claims.

55.     Under Illinois law, AT&T may retain 1% of the state sales tax it collects

for itself.

> The retailer making the return herein provided shall, at the time of making
> such return, pay to the Department the amount of tax herein imposed, less
> a discount of 1% which is allowed to reimburse the retailer for the
> expenses incurred in keeping records, billing the customer, preparing and
> filing returns, remitting the tax, and supplying data to the Department
> upon request.

35 ILCS 630/6.

56.     On information and belief, AT&T retains the permitted amount of the state

sales tax it collects.

11

57.     AT&T collects this amount to the detriment of Plaintiff and members of the Class.

58.     AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

59.     Plaintiff and members of the Class have conferred a benefit on AT&T through the payment of the sales tax, as set forth herein.

60.     As a result of its conduct, AT&T has been unjustly enriched at the expense of Plaintiff and the Class.

61.     Plaintiff and the Class seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT VI
### (Injunctive Relief)

62.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

63.     AT&T's ongoing practice of charging Plaintiff and the Class state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Class in that Plaintiff in that the Class is forced to pay monies to AT&T which is unlawfully being charged, collected and retained by AT&T.

64.     Defendants will continue this unlawful practice unless they are enjoined.

65.     Plaintiff and the Class have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access, but cannot address AT&T's ongoing collection of such taxes in violation of the law.

67.     Plaintiff and the Class have no adequate remedy at law to stop the collection of such taxes.

68.     Plaintiff and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from collection of such taxes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, seeks the following relief:

A.     An Order certifying the Class, appointing Plaintiff as Class representative and his counsel as Class counsel;

B.     Damages to Plaintiff and the proposed Class members;

C.     Restitution and disgorgement of AT&T's revenues to Plaintiff and the Class members;

D.     Declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

E.     Punitive damages;

F.     Attorneys' fees and costs; and

G.     Such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.


Dated:  02/05/10                          SHEPHERD, FINKELMAN, MILLER
                                          & SHAH, LLP


                          By:      ____ s/  Scott R. Shepherd
                                   Scott R. Shepherd (IL Bar No. 6190949)
                                   35 E. State Street
                                   Media, Pa  19063
                                   Tel: 610-891-9880
                                   Facsimile:  610-891-9883
                                   Email: sshepherd@sfmslaw.com

                                   Jayne A. Goldstein
                                   Nathan C. Zipperian
                                   Shepherd, Finkelman, Miller & Shah, LLP
                                   1640 Town Center Circle, Suite 216
                                   Weston, FL  33326
                                   Telephone:  (954) 515-0123
                                   Facsimile:  (954) 515-0124
                                   jgoldstein@sfmslaw.com
                                   nzipperian@sfmslaw.com

                                   James C. Shah
                                   Shepherd, Finkelman, Miller & Shah, LLP
                                   35 E. State Street
                                   Media, PA 19063
                                   Telephone: (610) 891-9880
                                   Facsimile: (610) 891-9883
                                   jshah@sfmslaw.com

                                   Attorneys for Plaintiff and the Class